UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALFONZO B. CALPITO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CA-1017-XR |
| | § | |
| PETE ZALESKI, BRETT BATTE, and | § | |
| LABORATORY CORPORATION OF | § | |
| AMER., | § | |
| | § | |
| *Defendants*. | | |

**ORDER DENYING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Memorandum and Recommendation in this case, filed February 15, 2011 (Docket Entry No. 7) and Plaintiff's Objections thereto (Docket Entry No. 11).  After careful consideration, the Court will deny the recommendations.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it.  *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made").  In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  On the other hand, any Report or Recommendation that is objected to requires de novo review.  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  The Court need

1

not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In this case, Plaintiff objected to the Magistrate Judge's recommendation, so the Court will conduct a de novo review.

Plaintiff filed a motion to proceed in forma pauperis[1] and motion to appoint counsel on December 17, 2010.[2] Magistrate Judge John Primomo issued a show cause order on January 26, 2011, ordering plaintiff to show cause why his suit should not be dismissed or transferred due to improper venue.[3] The order noted that, under the facts alleged by Plaintiff, the venue options provided in 42 U.S.C. § 2000e-5 indicate that the venue in this case should be set in Houston.[4] Plaintiff responded on January 7, 2011, explaining that he resides in San Antonio, and asserting reasons of fairness, convenience, and potential hardship if the case is heard outside San Antonio.[5]

Judge Primomo issued a Memorandum and Recommendation on February 15, 2011.[6] The Recommendation noted that 42 U.S.C. § 2000e-5 provides that a Title VII claim may be brought either (1) where the unlawful employment practice is alleged to have been committed; (2) where the employment records relevant to such practice are maintained and administered; (3) where the aggrieved person would have worked but for the alleged unlawful employment practice; or (4) where

---

[1] Motion to Proceed In Forma Pauperis, Dec. 17, 2010 (Docket Entry No. 1).

[2] Motion to Appoint Counsel, Dec. 17, 2010 (Docket Entry No. 2).

[3] Ord. To Show Cause, Jan. 26, 2011 (Docket Entry No. 5).

[4] *Id.*

[5] Response to Ord. to Show Cause, Feb. 7, 2011 (Docket Entry No. 6).

[6] Memorandum and Recommendation, Feb. 15, 2011 (Docket Entry No. 7).

the employer has its principal office, if the defendant cannot be brought before the court in any of the three preceding districts.[7] Judge Primomo also relied on the general venue statute, 28 U.S.C. § 1391, which provides that a civil action based not solely on diversity of citizenship may be brought only in (1) a judicial district where any defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; (3) a judicial district where any defendant may be found, if there is no other district where the action may be brought.[7]

Judge Primomo noted that the Plaintiff's complaint relates to an incident that occurred or failed to occur in Houston, and that Plaintiff admits that he "still would have worked in Houston if [he] was not discriminated and terminated in 2007."[8] He also noted that Plaintiff argues that most of his employment records are located in San Antonio, that the defendant is a nationwide company better suited to absorb the cost and inconvenience of litigation, and that Plaintiff had safety concerns about litigating the matter in Houston due to prior threat and intimidation.[9] He concluded, however, that the relevant issue is the location of the relevant employment records, which appear to be located in Houston, and concluded that competing interests weigh in favor of transferring the case to Houston.[8]

Plaintiff filed his objections in a timely manner on February 28, 2011.[9] He states that only

---

[7] *Id.* at 2.

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*

[8] *Id.* at 3-4.

[9] Pl.'s Objections, Feb. 28, 2011 (Docket Entry No. 11).

3

one

one document, "the 2007 appraisal or evaluation", was maintained and administered in Houston as a record of his employment, and that any other records that defendants claim are maintained in Houston are "just made up paperwork produced after I was terminated such as the fact file which is all falsifications and irrelevant."[10] He also asserts that it would be difficult to pursue a trial in Houston because his transportation has been repossessed due to his loss of employment, and that the witnesses he wishes to rely on are both residents of San Antonio.[11] Finally, Calpito states that he is responsible for the care of his aging and disabled parents in San Antonio, which would make it burdensome for him to litigate a case elsewhere.[12]

In light of the foregoing, the Court finds that there are sufficient grounds to permit Plaintiff to file his suit in this district, and that venue need not be transferred to the Southern District of Texas, Houston Division at this time. According to Plaintiff's representations, several employment records and several relevant witnesses, including a representative of Defendant Labcorp, are located in San Antonio. It is therefore permissible for the suit to be filed in San Antonio. *See* 42 U.S.C. §2000e-5(f)(3) (providing that a Title VII claim may be brought where employment records are maintained and administered); 28 U.S.C. § 1391 (providing that a case may be brought in a district where any defendant resides or a district where a substantial part of the events giving rise to the claim occurred). Furthermore, the primary purpose of the venue statutes is to prevent inconvenience to the parties. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979). The Defendants in this case may file a motion to transfer venue if they wish to contest the Plaintiff's choice of venue, and

---

[10] *Id.*

[11] *Id.*

[12] *Id.*

the Court will entertain such a motion at that time.

Accordingly, the Court DENIES the Memorandum and Recommendation of the Magistrate Judge. The Court REFERS the pending motion to proceed in forma pauperis (Docket Entry No. 1) and motion to appoint counsel (Docket Entry No. 2) to Magistrate Judge Primomo for further report and recommendation.

It is so ORDERED.

SIGNED this 18th day of March, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE