UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALFONZO B. CALPITO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CA-1017-XR |
| | § | |
| PETE ZALESKI, BRETT BATTE, and | § | |
| LABORATORY CORPORATION OF | § | |
| AMER., | § | |
| | § | |
| *Defendants*. | | |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Memorandum and Recommendation in this case, filed March 22, 2011 (Docket Entry No. 17) and Plaintiff's Objections thereto (Docket Entry No. 23), and Plaintiff's Motion for Subpoena (Docket Entry No. 16).  After careful consideration, the Court will accept the recommendations, and deny the motion for subpoena.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it.  *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made").  In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  On the other hand, any Report or Recommendation that is objected to requires de novo review.  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  The Court need

not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In this case, Plaintiff objected to the Magistrate Judge's recommendation, so the Court will conduct a de novo review.

Plaintiff filed a motion to proceed in forma pauperis[1] and motion to appoint counsel on December 17, 2010.[2] Magistrate Judge Primomo issued a Memorandum and Recommendation on February 15, 2011, recommending that the case be transferred to the Southern District of Texas, Houston Division.[3] Plaintiff filed his objections in a timely manner on February 28, 2011.[4] This Court denied the Memorandum and Recommendation on March 18, 2011, allowed the case to proceed in the Western District of Texas, San Antonio Division, and noted that the Defendants may file a motion to transfer venue if they wish to contest the Plaintiff's choice of venue, and the Court will entertain such a motion at that time.[5] This Court then referred the motion to proceed IFP and the motion to appoint counsel to Judge Primomo.[6]

Judge Primomo issued a second Memorandum and Recommendation on March 22, 2011.[7] He recommended that, based on Plaintiff's answers to the Court's Questionnaire, Plaintiff satisfies

---

[1] Motion to Proceed In Forma Pauperis, Dec. 17, 2010 (Docket Entry No. 1).

[2] Motion to Appoint Counsel, Dec. 17, 2010 (Docket Entry No. 2).

[3] Memorandum and Recommendation, Feb. 15, 2011 (Docket Entry No. 7).

[4] Pl.'s Objections, Feb. 28, 2011 (Docket Entry No. 11).

[5] Order Denying Memorandum and Recommendation, Mar. 18, 2011 (Docket Entry No. 12).

[6] *Id.*

[7] Memorandum and Recommendation, Mar. 22, 2011 (Docket Entry No. 17).

the financial requirements and should be granted leave to proceed IFP.[8]  In accordance with 28 U.S.C. § 1915(a), this Court agrees with and accepts the recommendation, and GRANTS the motion to proceed IFP.  *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981).

Judge Primomo further recommended that the Court deny Plaintiff's motion to appoint counsel because the case is not legally complex and the law pertaining to the issues is raised in the case is well-settled; Plaintiff has no serious impairment that would hamper his ability to represent himself; Plaintiff has more than adequately represented himself in the case thus far; the case depends mainly on Plaintiff's own testimony and Plaintiff has represented that he already has in his possession documents to substantiate his allegations; and Plaintiff may obtain additional documents from Defendant during the discovery phase.[9]  Plaintiff objected to the recommendation to deny the motion to appoint counsel.[10]  He asserts that he is unable to afford an attorney, and states: "I believe having an attorney is highly vital, due to the fact that I lack the academia and I simply do not have any experience in prosecuting."[11]

The Court is authorized by 42 U.S.C. §2000e-5(f)(1) to appoint an attorney to represent a litigant in an employment discrimination case "in such circumstances as the court may deem just." *Caston v. Sears, Roebuck & Co., Hattlesburg, Miss.*, 556 F.2d 1305, 1308 (5th Cir. 1977).  There is no automatic right to the appointment of counsel in a Title VII case; rather, the decision on

---

[8]*Id.*

[9]*Id.*

[10]Objections to Memorandum and Recommendation, Apr. 1, 2011 (Docket Entry No. 23).

[11]*Id.*

whether to appoint counsel lies within the Court's discretion. *Id.* at 1309.  For the reasons noted in Judge Primomo's recommendation, the Court agrees that the motion to appoint counsel should be denied.  The facts and claims at issue in Plaintiff's case are not complex, Plaintiff has personal knowledge of the issues and has represented that he has documentary evidence in his possession to support that knowledge, and Plaintiff has proven himself capable of proceeding in this litigation so far.  Accordingly, the Court DENIES Plaintiff's motion to appoint counsel.[12]

On March 22, 2011, Plaintiff filed a motion for subpoena and motion for a Filipino/Tagalog translator.[13]  The standards and procedures for the issuing and use of subpoenas are provided in Rule 45 of the Federal Rules of Civil Procedure, and Plaintiff is directed to refer to that rule in the event that he seeks to obtain documents or testimony by subpoena.  *See* FED. R. CIV. P. 45.  Plaintiff is also advised that he may be able to obtain at least some of the information identified in his motion from the Defendant through the discovery process, such that no subpoena may ultimately be necessary.  Defendant should ensure that it has complied with its initial disclosure requirements pursuant to Rule 26, and provided all related documents and information to Plaintiff.  *See* FED. R. CIV. P. 26(a)(1).  Furthermore, Plaintiff has provided no basis for his translator request, and Plaintiff's filings and communications with the Court thus far indicate no difficulty proceeding in English.  Accordingly, the Court DENIES Plaintiff's motion for subpoena and for a translator.

Accordingly, the Court ACCEPTS the Memorandum and Recommendation of the Magistrate Judge, GRANTS the pending motion to proceed in forma pauperis (Docket Entry No. 1), and

---

[12] The Court also directs Plaintiff to the Court's pro se manual for further guidance, which is available on the Court's website: http://www.txwd.uscourts.gov/prose/docs/prosemanual.pdf.

[13] Mot. for Subpoena, Mar. 22, 2011 (Docket Entry No. 16).

DENIES the motion to appoint counsel (Docket Entry No. 2). The Court also DENIES the motion for subpoena (Docket Entry No. 16).

    It is so ORDERED.

    SIGNED this 7th day of April, 2011.

                                      XAVIER RODRIGUEZ
                                      UNITED STATES DISTRICT JUDGE